### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **FRANK BLANCHARD, et al.** | |
| **Plaintiffs,** | **Civil Action No. 6:18-cv-00265-RWS** |
| **v.** | **JURY TRIAL DEMANDED** |
| **STEVE HUYNH, et al.** | |
| **Defendants.** | |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT, APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs Frank Blanchard, Mersini Blanchard and Malakoff Properties, LLC (collectively, "Plaintiffs") file this Motion for Leave to File Third Amended Complaint, Application for Preliminary and Permanent Injunction.[1] Plaintiffs also incorporate their Motion for Remand and Supporting Brief, filed contemporaneously with this Motion, as though fully set forth herein. Plaintiffs and Defendants mutually agreed that the deadline to amend pleadings in this case would be pushed until sometime after a scheduling conference occurred in this case. *See* Exhibit A. However, when Plaintiffs' Counsel called to confer with Defendants' Counsel on July 5, 2018—they now oppose this amendment, which actually removes allegations and contains no new claims. Therefore, it is noteworthy that Defendants were unopposed to extending the amended pleading deadline, until they learned that Plaintiffs' Counsel would seek leave to amend to remove claims that would

---

[1] This Court's standard non-patent docket control order states "[i]t is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline." The deadline to amend pleadings is generally two weeks before dispositive motions. Here, Plaintiffs moved for leave because the Court has not entered a docket control order.

impact Defendants' arguments that they can forum shop to this Court.  As such, Defendants are opposed to the relief requested herein.

## I.      INTRODUCTION

In Defendants' Notice of Removal [Dkt. No. 1], Defendants claim that Plaintiffs' common law fraud claim presents a federal question and Plaintiffs' assertion of taxpayer standing to sue to enjoin government payments from being sent to Defendants creates a substantial question of federal law.  While Plaintiffs dispute that any of the claims in their Second Amended Complaint contain any question of federal law, much less a substantial one, Plaintiffs seek leave to amend their complaint to remove any doubt that their claims contain only state law tort claims and claims for injunctive relief pursuant to Texas law.

## II.     FACTUAL BACKGROUND

Plaintiffs Frank and Mersini Blanchard own a ranch located in Malakoff, Texas. Defendants Steve Huynh, Yvonne Huynh, Huynh Poultry Farm, LLC d/b/a Steve Huynh Poultry Farm d/b/a Huynh Poultry, Timmy Huynh Poultry Farm, and Timmy Huynh (collectively, "Huynh Defendants") and T & N Poultry Farm, LLC, Thinh Bao Nguyen Poultry Farm, and Thinh Bao Nguyen (collectively, "Nguyen Defendants") own and operate poultry farms on land adjacent to the Blanchard ranch.  Defendant Sanderson Farms, Inc. ("Sanderson") recruited the Huynh and Nguyen Defendants through a fraudulent business model, wherein Sanderson recruits minorities who have virtually no experience in the chicken farm business to become "growers."  These "growers" absorb all of the costs of capitalization with Sanderson owning literally nothing—other than the chickens themselves—in order to artificially inflate its position on its financial statements through this methodology of improper off-balance sheet financing.  Of note, one of the growers on the Sanderson contract who has received a guaranteed loan, Timmy Huynh, is a recent college

graduate, who lives with his grandmother in the state of California, where he works at a motorcycle shop.  Indeed, one of the purported operators of the chicken farm in Henderson County, Texas—which has 400,000 chickens in 16 barns next door to Plaintiffs—<u>does not even live or work in this state</u>.  Sanderson partnered with the Huynh and Nguyen Defendants to engage in a scam, which resulted in numerous poultry farms adjacent to the Blanchard ranch creating a nuisance that infringes on Plaintiffs' property rights, causing them harm and necessitating the filing of this lawsuit.

## III.    PROCEDURAL BACKGROUND

Plaintiffs filed this lawsuit on May 31, 2017 in the 392nd Judicial District Court of Henderson County, Texas (the "Blanchard Case").[2]  One day prior, on May 30, 2017, Plaintiffs Ronny Snow, Angelia Snow, Tanya Berry, Kimberly Riley, John Miller, Amy Miller, Chad Martinez, and Emily Martinez (collectively, the "Snow Plaintiffs") sued the very same Defendants in the 173rd Judicial District Court of Henderson County, Texas, (the "Snow Case").[3]  On August 3, 2017, pursuant to the Blanchard Plaintiffs' request, a state district court judge consolidated and merged the Snow Case into the Blanchard Case, creating a single state action under Cause No. CV17-0247-392 (the "Consolidated Action").

On June 1, 2018, Plaintiffs filed a Second Amended Complaint against Defendants, a copy of which is attached as Exhibit B, entitled Plaintiffs' Second Amended Petition, Application for Temporary & Permanent Injunction ("Second Amended Petition").  Defendants filed a Notice of Removal with the state court and this Court on June 8, 2018.  Plaintiffs now move for leave to file a Third Amended Complaint and simultaneously move the Court to remand this action to state court.

---

[2] *Frank Blanchard, et al. v. Steve Huynh, et al.,* Cause No. CV17-0247-392.
[3] *Ronny Snow et al. v. Steve Thi Huynh, et al.,* Cause No. CV17-0246-173.

## IV.    ARGUMENTS & AUTHORITIES

Rule 15 states "the court should freely give leave when justice so requires."  "[T]his mandate is to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Rule 15 "evinces a bias in favor of granting leave to amend."  *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981).  "Unless there is a substantial reason, 'such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment,' leave to amend should be granted with extraordinary liberality."  *Thomas v. Sunbeam Prod., Inc.*, No. 1:09-CV-477-TH, 2009 WL 10677589, at *1 (E.D. Tex. Sept. 30, 2009) (quoting *Foman*, 371 U.S. at 182).  "Liberal amendment rules reflect the limited purpose of federal pleadings, which is to provide the parties with fair notice of the general nature of the claims at issue."  *Id.*  Here, justice requires Plaintiffs be granted leave to amend their complaint in good faith to clarify their causes of action.  Moreover, Defendants will not be prejudiced.

The claims set forth in Plaintiffs' Second Amended Petition arise under state law and present no substantial federal question for purposes of establishing federal jurisdiction under 28 U.S.C. § 1331.  Specifically, in their Second Amended Petition, Plaintiffs allege five causes of action, all of which arise *solely* under Texas law, as follows: (1) Common Law Fraud, Fraud in Real Estate Contract, and Intentionally Created Nuisance "But" for Fraud; (2) Negligence and Negligently Created Nuisance; (3) Trespass; (4) Intentional Interference with Property and Property Rights; and (5) Nuisance and Nuisance *Per Se*.  In addition to seeking to enjoin Defendants from operating a poultry farm, Plaintiffs also asserted taxpayer standing status to enjoin further payments to Defendants and the return of prior payments issued by the United States Department of Agriculture (U.S.D.A.) back to the U.S.D.A.  While seeking to enjoin further

payments from the U.S.D.A. to Defendants does *not* require the application of any federal law, nor *any* analysis of the meaning of a federal law, Plaintiffs seek to amend their complaint to delete these allegations in their entirety.  Moreover, the farm bill innocuously referenced in Plaintiffs' Second Amended Complaint does not create a federal private right of action, nor did Plaintiffs plead it that way.

Therefore, Plaintiffs seek leave to file a Third Amended Complaint to establish beyond any doubt that their lawsuit does not involve a substantial question of federal law.  A copy of Plaintiffs' Third Amended Complaint, Application for Preliminary & Permanent Injunction is attached as Exhibit C and is filed simultaneously with this motion.

Plaintiffs' Third Amended Complaint will not prejudice Defendants.  Indeed, Plaintiffs have not added any new claims; on the contrary, they have actually narrowed their fraud claim to remove any meaningful doubt that this case has nothing to do with either the application or interpretation of federal law, nor is the Third Amended Complaint filed in bad faith or to cause undue delay.  On the contrary, and, ironically, it was Defendants who filed this removal to create delay.  For example, Defendants were able to cancel a court ordered inspection of the property, which had been scheduled for the second time and it was also able to cancel the temporary injunction hearing.  *See* Exhibits D & E.  Moreover, Fifth Circuit precedent guides the court to permit Plaintiffs to amend their complaint to abandon reference to alleged federal claims.  *See Enochs v. Lampasas County,* 641 F.3d 155, 160 (5th Cir. 2011) (amending complaint to delete federal claims is not a form of forum manipulation); *Giles v. NYLCare Health Plans,* 172 F.3d 332, 339-340 (5th Cir. 1999) (amendment to complaint to delete remaining federal claims was not improper); *Guzzino v. Felterman,* 191 F.3d 588, 595 (5th Cir. 1999) (plaintiffs get to pick their forum and pick the claims they want to make).

## V.      CONCLUSION

For these reasons, Plaintiffs respectfully request the Court grant them leave to file their

Third Amended Complaint, Application for Preliminary and Permanent Injunction.

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Cole A. Riddell
Texas Bar No. 24105423
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX  75503
Telephone:  (903) 255-1000
Facsimile:  (903) 255-0800
Email: jdoan@haltomdoan.com
Email: criddell@haltomdoan.com

Brian P. Lauten
State Bar No. 24031603
blauten@brianlauten.com
Laurie G. Flood
State Bar No. 24032056
lflood@brianlauten.com
3811 Turtle Creek Blvd.
Suite 1450
Dallas, TX 75219
(214) 414-0996 telephone
(214) 744-3015 facsimile

**ATTORNEYS FOR PLAINTIFFS
FRANK BLANCHARD, MERSINI
BLANCHARD AND MALAKOFF
PROPERTIES, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 6th day of July, 2018.

*/s/ Jennifer H. Doan*
Jennifer H. Doan

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 5, 2018, Brian P. Lauten complied with the meet and confer requirement of Local Rule CV-7(h) and during a telephone conversation counsel for Defendants, attorney Ross Forbes, asserted that Defendants oppose the filing of this motion.

*/s/ Brian P. Lauten*
Brian P. Lauten